**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 13-066 (JDB) |
| | : | |
| v. | : | |
| | : | |
| **MERCEDES ROMERO,** | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing.

I.  **INTRODUCTION**

On February 04, 2013, a female, later identified as the defendant Mercedes Romero, robbed the PNC Bank located at 4249 Wisconsin Avenue NW, Washington, D.C. and the Bank of America located at 3401 Connecticut Avenue NW, Washington, D.C., by using a demand note tendered to the bank tellers, all within the span of twenty minutes.

Specifically, the defendant entered the PNC Bank at approximately 9:10 a.m., stopped briefly at the lobby counter, then proceeded to the teller window. The defendant provided the bank teller with a demand note and a blank bank deposit slip. According to the teller, the demand note stated "give me all $100s, $50s, and $20s or I will kill you after work." The note was written on a small piece of notebook paper. The defendant then instructed the teller to return the demand note after receiving the cash. Later, an audit of the teller's cash box determined that the teller provided the defendant with $1,048 in cash. After receiving the stolen cash, the defendant fled from the bank.

Moreover, on February 04, 2012, at approximately 9:28 a.m., a female, later identified as the defendant Mercedes Romero, robbed the Bank of America. The defendant entered the bank, stopped

briefly at the lobby counter, then proceeded to teller's window. The defendant then provided the teller with a demand note and a blank bank deposit slip. The demand note was written on a small piece of notebook paper. At that time, the defendant told the teller that she had a gun. The teller further recalled that the demand note stated "I have a gun. Give me all of your 20s and 50s. Act normal. Don't sound the alarm. I'm going to kill you at the end of the day if you say anything." A bank audit of the teller's cash box determined that the teller provided the defendant with $548 in cash. After receiving the stolen cash the defendant fled from the bank.

## II. SENTENCING FACTORS[1]

### A. The Nature of the Offense and Public Protection

Because the defendant specifically stated that she had a weapon and threatened to shoot the teller if they did not comply and that she would kill one teller after work if the teller did not meet her orders were chilling in its level of threatening violence to those innocent persons. In addition, the bank employees were put at risk and fear that the defendant would come back and harm them. Consequently, the victims and the public should be protected from the defendant by this Court giving the defendant a lengthy term of incarceration and full restitution should be ordered.

### B. The History and Characteristics of the Defendant

Although the defendant does not have an extensive criminal record, she did have several theft related convictions in her criminal history. Moreover, the defendant continues to demonstrate little

---

[1] The Government agrees that the base offense level for the crime to which the defendant pled guilty should be decreased by one additional point based upon the defendant's acceptance of responsibility pursuant to Section 3E1.1(b), provided that the defendant cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence.

remorse for her actions and the harm and fear she caused for the tellers.

### C. To Protect the Public from Further Crimes of the Defendant.

Sentencing serves multiple ends, but most of all it must protect the community. Because, the defendant robbed two banks within a twenty minute time span, this Court should sentence the defendant to the upper range term of imprisonment under the applicable guidelines.

### D. Application of Guidelines in Imposing Sentence

The impact of Defendant Romero's robberies of two financial institutions cannot be over stated and the coordinated efforts that the defendant employed to rob the banks was astonishing in the nature of these crimes. Accordingly, for the reasons outlined above, the government respectfully requests that the Court sentence Defendant Romero in the upper range of the applicable sentencing guidelines.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY:  /s/
EMORY V. COLE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 252-7692
Emory.Cole@usdoj.gov